JANE ZENDMAN, Respondent, v. HARRY WINSTON, INC., Appellant.

First Department, October 30, 1951.

Leon Finley (David S. Meyer with him on the brief), for appellant.

William S. Hauser of counsel (Carroad & Carroad, attorneys), for respondent.

Per Curiam. Plaintiff sued for a declaratory judgment determining that she is the owner of a diamond ring for which she paid $12,500 at an auction on the boardwalk at Atlantic City, New Jersey. Defendant counterclaimed in replevin. This ring at the time of the sale belonged to defendant, which had delivered possession of it to the auctioneer under the following agreement of bailment: " The goods described and valued as below are sent for your examination and remain the property of Harry Winston, Inc., or consignor, and are to be returned on demand. Title shall not pass nor shall sale be effected until you have made your selection, notified us of your agreement to pay the indicated price and we have indicated our acceptance thereof by sending to you a bill of sale. Title shall then pass only to the articles so selected and so billed."

The actual relationship between defendant and the auctioneer was that of bailor and bailee, the purpose of the bailment was that the auctioneer should exhibit the ring to invite offers for its purchase, but no sale was authorized unless upon an offer thus obtained after it had been presented to defendant and accepted by it. The trial court has held that defendant is precluded from denying the auctioneer's authority to sell (section 29 of chapter 30 of title 46 of the New Jersey Statutes Annotated [§ 46:30–29] being the same as section 104 of the New York Personal Property Law), for the reason that defendant knew that prior to the sale to the plaintiff it had been exhibited for

some time in the showcase of the auctioneer's rooms upon the boardwalk. Judgment went for the plaintiff under the principle that where one of two innocent parties must suffer, the burden shall fall upon the one whose act resulted in the loss.

The question might be regarded as close if it were an open one. The Court of Appeals has said however, following section 314 of Williston on Sales, that " it is not sufficient, to make out an estoppel, that the possessor of the chattel is authorized by the owner to exhibit the same for the purpose of obtaining offers of purchase." (*Utica Trust & Deposit Co.* v. *Decker,* 244 N. Y. 340, 349.) In making that statement, *Smith* v. *Clews* (114 N. Y. 190) and the English case of *Biggs* v. *Evans* ([1894] 1 Q. B. 88) were followed. The language on pages 348–351 of the *Utica Trust & Deposit Co.* case is so clearly apposite that this case can hardly be said to be one of first impression in New York State. The principle of law has already been settled in defendant's favor. There is no indication that the New Jersey law is otherwise. Plaintiff should have made some investigation of title before paying $12,500 to an auctioneer for this diamond ring, and the loss must fall upon her due to the financial failure of the auctioneer.

The judgment appealed from should be reversed so as to determine that title to the ring in suit is in the defendant which should be granted relief upon its counterclaim in replevin.

GLENNON, J. P., DORE and VAN VOORHIS, JJ., concur; COHN and SHIENTAG, JJ., dissent and vote to affirm on the opinion of RABIN, J., at the Special Term.

Judgment reversed, with costs to the appellant. Settle order on notice. [See *post,* p. 778.]